**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN SALAS, | Case No. CV11-1620-CW |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | |
| Defendant. | |

The parties have consented under 28 U.S.C § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability and disability insurance benefits and supplemental security income benefits. For the reasons stated below, the Magistrate Judge finds that judgment should be granted in favor of Defendant, affirming the Commissioner's decision.

## I. BACKGROUND

Plaintiff, Martin Salas, was born on January 30, 1960, and was 49 years old at the time of his administrative hearing. [Administrative Record "AR" 32, 138-40.] He speaks only Spanish and has a fifth grade education. [AR 157, 163. ] He has past relevant work as a cook, short order cook, merchandise deliverer, and purchasing agent. [AR 27.] Plaintiff alleges disability

on the basis of an injury to his right leg and poor vision. [AR 158.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on February 23, 2011. On September 6, 2011, Defendant filed an Answer and plaintiff's Administrative Record ("AR"). On November 7, 2011, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

On February 28, 2007, Plaintiff applied for disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under Title II and Title XVI of the Social Security Act, alleging disability since March 20, 2006. [AR 130-37, 138-40.]

After the application was denied [AR 94-96], Plaintiff requested an administrative hearing, which was held on June 30, 2009, before Administrative Law Judge ("ALJ") Edward Schneeburger. [Transcript, AR 32-73.] Plaintiff testified, with the aid of an interpreter [AR 40-61], and the ALJ also received testimony from vocational expert ("VE") Steven Barry [AR 62-72].

The ALJ denied benefits in an administrative decision issued on July 16, 2009. [AR 15-31.] Plaintiff requested Appeals Council review of the decision, and provided additional evidence and arguments in support of his request. [AR 5-6, 12-13.] When the Appeals Council denied review on December 9, 2010, the ALJ's decision became the Commissioner's final decision. [AR 1-4.] This action followed.

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decisions should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th

Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment for that of the Commissioner. Reddick, 157 F. 3d at 720-721; see also Osenbrock, 240 F. 3d 1162.

## V. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits, a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C.§ 423(d)(1)(A).

Disability claims are evaluated using a five step test:

> Step one: is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404 Subpart Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen

v. Yuckert, 482 U.S.137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-1099; 20 C,F,R § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functioning capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers.  Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R § 404.1520.

**B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found Plaintiff met the insured status requirements of the Social Security Act (the "Act") through September 30, 2011. [AR 10.]  The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date (step one); that Plaintiff has "severe" impairments of: healed fracture of the right tibia and fibula; status post intramedullary closed nailing of the right tibia; status post left knee surgery (step two); and that he did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 23-24.]

The ALJ found (step four) that Plaintiff has the RFC to perform a full range of medium

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations.  Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a nonexertional limitation.  Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. §404.1569a(c).

work.[2] [AR 24.] He further found that, based upon the VE's testimony, this RFC would permit Plaintiff to perform his past relevant work as a cook, short order cook, merchandise deliverer, and purchasing agent. [AR 27.] Accordingly, Plaintiff was found not to be disabled, as defined in the Social Security Act ("the Act"), from the alleged onset date until the date of the decision. [AR 27.]

**C. ISSUE**

The parties' Joint Stipulation identifies one disputed issue. Nominally Plaintiff challenges whether the ALJ properly assessed Plaintiff's RFC [JS at 4]; however the issue hinges on whether the ALJ articulated legally sufficient reasons for rejecting limitations opined by Benjamin Broukhim, M.D. Dr. Broukhim treated Plaintiff from January 29, 2007, [AR 466-73] through October 22, 2008 [AR 429-37].

Throughout the course of his treatment of Plaintiff, Dr. Broukhim repeatedly opined that Plaintiff is able to perform what amounts to a limited range of light work,[3] i.e., he opined that Plaintiff can lift 20 to 25 pounds with no squatting, kneeling, or climbing, and with limited bending. [E.g., AR 435, 442, 464-65, 471.] As the Appeals Council noted in its reconsideration denial [AR 2], however, even fully crediting this opinion Plaintiff is not precluded from returning to past work and thus is not disabled under the Act.[4]

At step four, plaintiff has the burden of showing that he could no longer perform his past

---

[2] Under the Act, "medium work" is defined as requiring the following: "[L]ifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567.

[3] Under the Act, "light work" involves: "[L]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567.

[4] In connection with his request for reconsideration of the hearing decision, Plaintiff provided additional records additional from Andrew Roth Roth, M.D., and Dr. Broukhim to the Appeals Council. [AR 1-6, 220-21, 401-476.] These additional materials are considered as part of the administrative record. Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1232-33 (9th Cir. 2011).

1  relevant work. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001).  The ALJ has the duty "to
2  make the requisite factual findings to support his conclusion" finding non-disability at step four.
3  Id.  This duty requires the ALJ to examine the plaintiff's "'residual functional capacity and the
4  physical and mental demands' of [plaintiff's] past relevant work." Id. at 844-45 (quoting 20
5  C.F.R. §§ 404.1520(e), 416.920(e)).  If the plaintiff retains the residual functional capacity to
6  perform the physical and mental requirements of work he performed in the past, he is not
7  disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e).  The plaintiff must be able to perform his past
8  relevant work either as actually performed or as generally performed in the national economy.
9  Pinto, at 845 ("[w]e have never required explicit findings at step four regarding a claimant's past
10 relevant work both as generally performed and as actually performed") (emphasis in original).

11       Here, the record sufficiently establishes that two of the jobs Plaintiff performed in the past
12 remain appropriate for him given his functional capacity, either as found by the ALJ or as opined
13 by Dr. Broukhim.  Specifically, the job of short order cook is classified as light level work and it
14 requires no climbing, balancing, stooping or kneeling. See Dictionary of Occpuational Titles
15 ("DICOT") 313.374-014, 1991 WL 672717 (G.P.O). The job of purchasing agent is likewise
16 classified as light level work, and it, too, requires no climbing, balancing, stooping, kneeling, or
17 crouching. See DICOT 162.157-038, 1991 WL 647293 (G.P.O). Because Plaintiff retains the
18 RFC to perform past relevant work, even if the ALJ were to fully credit the limitations opined by
19 Dr. Broukhim, the ultimate disability determination would not change, as the Appeals Council
20 found.  Thus, any error is harmless. Stout v. Commissioner of Soc. Security Admin., 454 F.3d
21 1050, 1056 (9th Cir. 2006) (Even in the case of a material error, the error is harmless when no
22 reasonable ALJ fully crediting the testimony could have reached a different result). Therefore,
23 reversal of the Commissioner's decision is not warranted here.

## VI. ORDERS

Accordingly, **IT IS ORDERED** THAT :

1. The decision of the Commissioner is **AFFIRMED.**

2. This action is **DISMISSED WITH PREJUDICE.**

3. The clerk of the Court shall serve this Decision and Order and Judgment herein on all parties or counsel.

Dated: January 3, 2012

/s/ Carla M. Woehrle
CARLA M. WOEHRLE
United States Magistrate Judge